UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 06-1835 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S FIRST CONSENT MOTION TO ENLARGE TIME TO FILE ANSWER
OR OTHERWISE RESPOND TO COMPLAINT**

Defendant, the United States Department of Health and Human Services ("HHS") respectfully requests an extension of two months to file an answer or otherwise respond to the complaint in this case filed under the Freedom of Information Act ("FOIA") by the Citizens for Responsibility and Ethics in Washington ("CREW"). The United States Attorney's Office was served with the complaint on October 30, 2006, and therefore the current deadline is November 29, 2006. HHS requests until January 31, 2007, and provides the attached declaration of agency counsel to explain the need for additional time.

Plaintiff's FOIA request has been referred to three divisions of HHS, one of which (the Office of the Secretary) responded with a "no records" confirmation just two days prior to the filing of the complaint in this case. See Mantoan Decl. at ¶ 5.

Second, Public Health Service is nearly complete with its search for records, and so far has found just two documents, which it expects to process by early December. See id. ¶ 6.

Third, the Administration for Children and Families has involved four component offices in the search for records. Although two have found no records, two others have found a significant volume. One has found approximately 200 pages, which it is now beginning to process. See id. ¶ 7. The other has not yet informed agency counsel as to its progress, except to note that it expects a significant volume of records.

Finally, the upcoming holidays will likely increase the agency's normal processing time, due to absences among its staff.

As should be clear from the declaration, the agency expects to be able to provide documents as they become available on a rolling basis.

Counsel for CREW consented to this extension today by telephone, with the understanding that HHS will provide documents on a rolling basis. A proposed order is attached.

November 21, 2006

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

      /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 06-1835 (RMU) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Defendant. | ) ) | |

DECLARATION OF PATRICIA M. MANTOAN

I, Patricia M. Mantoan, declare as follows:

1. I am an attorney in the General Law Division of the Office of the General Counsel in the U.S. Department of Health and Human Service (HHS or the Department). Among my areas of legal expertise is the Freedom of Information Act (FOIA). I have served in this position since September 1997.

2. I make this declaration on the basis of personal knowledge.

3. I am the current agency counsel for the above-captioned litigation and am familiar with the agency's processing of the FOIA request at issue in this litigation. The request sought various records regarding pregnancy resource centers funded by the Department. See Exhibit 1.

4. Multiple FOIA Offices within HHS were processing this request. Specifically, the FOIA Offices for the Office of the Secretary (OS), Public Health Service (PHS), and Administration for Children and Families (ACF) were separately processing the request at issue.

5. Within OS, the OS FOIA Office referred the request to the Office of the Assistant

Secretary for Legislation and the HHS Center for Faith-based and Community Initiatives for a search. Those offices found no responsive records. The OS FOIA Office had mailed a "no records" response to the Citizens for Responsibility and Ethics in Washington in a letter, dated October 24, 2006, and had provided appeal rights in the response. See Exhibit 2. The litigation was filed October 26, 2006. The OS FOIA Office did not know about this lawsuit when it issued its response.

6. With respect to the search for records by the PHS FOIA Office, the requests were referred to the Office of Public Health and Science's (OPHS) Office of Population Affairs and the Health Resources and Services Administration (HRSA) for a search. So far, OPHS and HRSA have each found a responsive document. The PHS FOIA Office will likely issue a final response to the FOIA request soon after Thanksgiving.

7. The ACF FOIA Office is still processing the request. Multiple ACF offices were asked to search for responsive records. So far, the Office of Community Services (OCS) has identified about 200 pages of responsive documents, and the ACF FOIA Office is reviewing those pages after receiving them from OCS on November 20, 2006. After the ACF FOIA Office reviews and makes any necessary redactions under the FOIA exemptions, it would issue an interim response, addressing the OCS records. In addition to OCS, ACF referred the request to the Children's Bureau and the Office of Family Assistance, and those offices did not have responsive records because they did not have the grantees at issue in the request. Finally, the Family and Youth Services Bureau is still searching for any responsive records and has not responded to the ACF FOIA Office yet. We have recently found out that the Family and Youth Services Bureau, which is responsible for ACF's abstinence program, may have a significant

number of responsive pages. But, we have not received an estimate from that office in time for this declaration. Given the uncertain nature of the number of responsive pages from the Family and Youth Services Bureau and the fact that the holidays are approaching and leave schedules will be a consideration, we estimate that the ACF will need until January 31, 2007, to complete processing the FOIA request. Because we are uncertain of the number of responsive pages from the Family and Youth Services Bureau, we may need to revise this estimate. If so, we are happy to provide another declaration or a status report as needed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 21st day of November, 2006.

Patricia M. Mantoan
Attorney

11/02/06 ... DHHS OS ASPA FOI

☑002



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Washington, D.C. 20201

Case No. 2006-0732CM

October 24, 2006

Sharon Y. Eubanks
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, Suite 450
Washington, DC 20005

Dear Ms. Eubanks:

This is in response to your August 4, 2006, Freedom of Information Act (FOIA) request for a copy of all records discussing the July 2006 report "False and Misleading Health Information Provided by Federally Funded Pregnancy Resource Centers."

The Office of the Secretary (OS) performed a search and could not locate any records responsive to your request.

We are referring your request to the Administration for Children and Families, and the Public Health Service, at the following addresses, to which each may respond directly to you.

Kenneth Wolfe
Administration for Children
 and Families (ACF)
Freedom of Information Officer
901 D Street, S.W.
7th Floor West
Aerospace Building
Washington, D.C. 20447

Darlene Christian
Public Health Service (PHS)
Freedom of Information Officer
Parklawn Building, Room 17-A-46
5600 Fishers Lane
Rockville, Maryland 20857

There will be no charges in this instance because the billable costs are less than our threshold of $25.

While we believe that an adequate search of appropriate OS files was conducted for the records requested, you have the right to appeal this finding that no records exist in OS, which would be responsive to your request. Your appeal should be mailed within 30 days from the date of this letter, to the Deputy Assistant Secretary for Public Affairs (Media),

US Department of Health and Human Services, 330 C Street, SW, Room 5416, Mary E. Switzer Building, Washington, DC 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal."

Sincerely yours,

*Robert Eckert*

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Case 1:06-cv-01835-RMU   Document 3-2   Filed 11/21/2006   Page 5 of 9
DHHS OS ASPA FOI

**CREW** | citizens for responsibility and ethics in washington

AUG 21 2006
OASPA/FOIA

August 4, 2006

HHS Freedom of Information Officer
Room 645-F, Hubert H. Humphrey Building
Department of Health and Human Services
200 Independence Ave., S.W.
Washington, D.C. 20201

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq.

Specifically, CREW seeks any and all documents and records from any office of the Department of Health and Human Services ("HHS"), its agencies, offices, regional offices and its components, described in the following categories:

1. All documents and records discussing in any way the July 2006 report, "False and Misleading Health Information Provided by Federally Funded Pregnancy Resource Centers," prepared for Rep. Henry A. Waxman by the U.S. House of Representatives Committee on Government Reform.

2. All documents and records provided to staff of the House of Representatives who prepared the July 2006 report, "False and Misleading Health Information Provided by Federally Funded Pregnancy Resource Centers."

3. All documents and records addressing any actions proposed or taken in response to the July 2006 report, "False and Misleading Health Information Provided by Federally Funded Pregnancy Centers."

4. All documents and records of any communications with any other federal, state, or local governmental agencies regarding pregnancy resource centers (or crisis pregnancy centers) requesting or receiving grants through the Compassion Capital Fund.

5. All documents and records of any communications with the White House regarding pregnancy resource centers (or crisis pregnancy centers) requesting or receiving grants

through the Compassion Capital Fund.

6. All documents and records of any communications with the White House Office of Faith Based and Community Initiatives regarding pregnancy resource centers.

7. All documents and records of any communications with the U.S. Department of Justice regarding federal funding of pregnancy resource centers (or crisis pregnancy centers).

8. All documents and records of any communications with the Office of Management and Budget regarding federal funding of pregnancy resource centers (or crisis pregnancy centers).

9. All documents and records of any communication regarding the amount of federal funding available, recommended, or considered for pregnancy resource centers (or crisis pregnancy centers).

10. All documents and records of any communication regarding to what entity or location federal funds might be dispersed for pregnancy resource centers (or crisis pregnancy centers), including any breakdown of funds dispersed.

11. All documents and records identifying eligibility requirements, prerequisites, or standards for pregnancy resource centers (or crisis pregnancy centers) to receive federal funds.

12. All documents and records of any communications addressing the accuracy of information provided by federally funded pregnancy resource centers (or crisis pregnancy centers).

13. All documents and records of any communications addressing or monitoring in any way a segregation of federal funds provided to pregnancy resource centers (or crisis pregnancy centers) from use in any religious activities sponsored by the same grant recipients.

Please search responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure,

CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**Fee Waiver Request**

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of how the government uses taxpayer dollars in its grant-awarding process.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the

public. A review of its website, www.citizensforethics.org, demonstrates that CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use. For example, CREW's website currently includes documents CREW acquired through a FOIA request of the State Department relating to the response to offers of foreign assistance after hurricane Katrina.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

### Conclusion

Please respond to this request in writing within twenty (20) working days as required under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please call Sharon Eubanks at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Sharon Y. Eubanks, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

*Sharon Y. Eubanks*

SHARON Y. EUBANKS
Senior Counsel

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>      Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      Defendant. | Civil Action No.: 06-1835 (RMU) |

**ORDER**

UPON CONSIDERATION of Defendant's First Consent Motion to Extend Time to File Answer or Otherwise Respond to Complaint, and the entire record herein, it is hereby

ORDERED that the Motion is GRANTED, and it is

FURTHER ORDERED that Defendant's deadline to file an answer or otherwise respond to the Complaint is re-set to January 31, 2007.

So ordered, this _____ day of November, 2006.


_____
RICARDO M. URBINA
United States District Judge